1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

| | | |
|---|---|---|
| KAREEM MUHAMMAD, | ) | Case No.: 1:12-cv-01199 - AWI - JLT |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S MOTION TO |
| | ) | PROCEED IN FORMA PAUPERIS |
| v. | ) | |
| | ) | (Doc. 3) |
| CHAD GARRETT, et al., | ) | |
| | ) | ORDER DISMISSING COMPLAINT WITH |
| Defendants. | ) | LEAVE TO AMEND |
| | ) | |

11
12
13
14
15
16
17

Kareem Muhammad ("Plaintiff") seeks to proceed *pro se* with an action for a violation of civil

18

rights against defendant Chad Garrett, an officer of the Bakersfield Police Department ("Defendant").

19

Plaintiff initiated this action by filing his complaint (Doc. 1) and a motion to proceed *in forma*

20

*pauperis* (Doc. 3) on July 23, 2012.  For the following reasons, Plaintiff's complaint is **DISMISSED**

21

**WITH LEAVE TO AMEND**.

22

## I.      Motion to proceed in forma pauperis

23

The Court may authorize the commencement of an action without prepayment of fees when an

24

individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and]

25

that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  The Court

26

has reviewed the applications and has determined Plaintiff has made an adequate showing of indigence

27

to satisfy the requirements of 28 U.S.C. § 1915(a).  Therefore, Plaintiff's motion to proceed *in forma*

28

*pauperis* is **GRANTED**.

## II.        Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.       Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

2

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2).  Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963).  However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.     Plaintiff's Allegations

Plaintiff asserts that he left San Joaquin hospital on February 26, 2012, to "run[] to the store across the street around 5:30 a.m."  (Doc. 1 at 2).  According to Plaintiff, "[o]ut of nowhere the defendant shout[ed]" while he was crossing the street, and Plaintiff fell to the ground.  *Id.*  Plaintiff alleges:  "A cop [ran] to the fallen plaintiff," grabbed his arm and "violently and intentionally" broke it "for no reason whatsoever."  *Id.*  According to Plaintiff, he did not pose a threat to anyone, but he was charged with resisting arrest.  *Id.*

## V.     Discussion and Analysis

Based upon the foregoing facts, Plaintiff contends Defendants "violated plaintiffs [sic] civil rights, under the color of law."  (Doc. 1 at 2).  Specifically, Plaintiff asserts Defendants violated his Fourth Amendment rights, as well as "rights under the Fifth and Fourteenth Amendments of the US Constitution regarding cruelty [and] protection of citizens."  *Id.* at 1-2.  In addition, Plaintiff alleges Defendants violated California Penal Code §§ 118, 149, 240, 242, and 12022.7."  *Id.* at 2.

**A.      Section 1983 Claims**

Although Plaintiff alleges Defendants violated the Fourth, Fifth and Fourteenth Amendments, the amendments to the Constitution do not create direct causes of action. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 929 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution"). However, 42 U.S.C. § 1983 ("Section 1983") "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

### 1.      Liability of the City of Bakersfield[1]

Plaintiff alleges Officer Garrett "was acting under the direction and control of the city of Bakersfield, and . . .  pursuant to the official policy, practice, or custom of the City of Bakersfield." (Doc. 1 at 4).  Accordingly, Plaintiff seeks to hold the City of Bakersfield ("the City") liable for violations of the Forth and Fourteenth Amendments.  (Doc. 1 at 4).  However, under Section 1983, a local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("a municipality cannot be held liable solely because it employs a tortfeasor").  Rather, a local government entity may only be held liable if it inflicts the injury of which a plaintiff complains through a governmental policy or custom. *Id.* at 694; *Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002).  To establish liability, Plaintiff must show: (1) he was deprived of a constitutional right; (2) the City had a policy;

---

[1] Although Plaintiff does not identify the City of Bakersfield as a defendant in the caption of his complaint, Plaintiff names the City in his description of the parties to the action.  (Doc. 1 at 1).

(3) that this policy amounted to deliberate indifference to his constitutional right; and (4) the policy "was the moving force behind the constitutional violation." *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)); *see also Monell*, 436 U.S. at 690-92.  Absent a formal governmental policy, a custom of a government may be demonstrated when:

> (1) A longstanding practice or custom…constitutes the standard operating procedure of the local government entity;
>
> (2) The decision-making official was, as a matter of law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or
>
> (3)  An official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Pellum v. Fresno Police Dep't*, 2011 U.S. Dist. LEXIS 10698, at *8 (E.D. Cal. Feb. 2, 2011) (quoting *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005)).  Further, a governmental policy may be inferred where there is evidence of repeated constitutional violations for which the officers were not reprimanded.  *Menotti*, 409 F.3d at 1147.

Plaintiff may establish municipal liability with "the existence of a widespread practice that . . . is so permanent and well-settled as to constitute a custom or usage with the force of law."  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (internal quotation mark omitted).  Significantly, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out that policy."  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  Here, Plaintiff's complaint arises from a single incident on February 26, 2012.  Consequently, Plaintiff is unable to the City of Bakersfield had an unconstitutional policy or custom.

Moreover, though Plaintiff *concludes* that the City had unconstitutional customs or policies, he has failed to provide any *facts* to support this conclusion.  *Iqbal*, 129 S. Ct. at 1949.  Indeed, he fails to describe the policy or custom at issue at all including how the particular policy or custom instituted by the City amount to deliberate indifference.  This may be shown when "the need for more or different action is so obvious, and the inadequacy of the current procedure so likely to result in the violation of

constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need." *Mortimer v. Baca*, 594 F.3d 714, 722 (9th Cir. 2010) (quotations omitted) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1477-78 (9th Cir. 1992); *accord Canton*, 489 U.S. at 390.  In addition, to properly allege deliberate indifference by a municipal body, "the plaintiff must show that the municipality was on actual or constructive notice that its omission would likely result in a constitutional violation." *See Gibson*, 290 F.3d at 1186.  Here, Plaintiff has not alleged the City had notice of any of any potential harm instituted by its policies or customs, and thus he has not demonstrated deliberate indifference by the City.

Because Plaintiff has not alleged that the City had a policy or custom that amounted to deliberate indifference, he is unable to show a policy "was the moving force" behind the alleged constitutional violations. *See Oviatt*, 954 F.2d at 1474.  Accordingly, Plaintiff fails to allege sufficient facts demonstrating municipal liability under Section 1983 is appropriate, and the claims against the City of Bakersfield are **DISMISSED**.

## 2.      Fourth Amendment

Plaintiff appears to allege he was unlawfully arrested by Officer Garrett, and that Officer Garrett exerted excessive force in the course of his arrest in violation of the Fourth Amendment. (Doc. 1 at 1-2).

The Fourth Amendment prohibits arrests without probable cause or other justification, and provides:  "The right of the people to be secure in their persons. . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." *U.S. Constitution, amend. IV*.  A claim for unlawful arrest is cognizable when the arrest is alleged to have been made without probable cause. *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001).  "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th Cir. 2009) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)).

1    In addition, allegations of excessive force during an arrest are analyzed under a Fourth

2    Amendment standard.  *Graham v. Connor*, 490 U.S. 386, 388 (1989) ("claim[s] that law enforcement

3    officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure'…

4    are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *Chew v.*

5    *Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth

6    Amendment's prohibition on unreasonable seizures").

7    Here, Plaintiff asserts that he did not pose a threat to anyone, and that Officer Garrett broke his

8    arm "violently and intentionally . . . for no reason whatsoever."  (Doc. 1 at 2).  Accordingly, Plaintiff

9    states a cognizable claim for excessive force.  However, Plaintiff does not allege facts sufficient for

10   the Court to determine whether or not the arrest was lawful, such as whether or not Defendant

11   possessed a warrant for his arrest.  Accordingly, Plaintiff has stated a cognizable claim for excessive

12   force, but his claim for an unlawful arrest under the Fourth Amendment is **DISMISSED**.[2]

13   ### 3.    Fifth Amendment

14   Plaintiff alleges Officer Garrett violated his civil rights under the Fifth Amendment.  (Doc. 1 at

15   2).  However, the Fifth Amendment applies only to actions by the federal government, and not to the

16   actions of private actors.  *Rank v. Nimmo*, 677 F.2d 692, 701 (9th Cir. 1982).  There must be a

17   "significantly close nexus" between the federal government and the actor for the Fifth Amendment to

18   apply to nonfederal entities or individuals.  *Id.*  Here, Plaintiff has not made any factual allegations

19   regarding Officer Garrett's connections to the federal government.  Thus, Plaintiff has not stated a

20   cognizable claim against the defendant for Fifth Amendment violation, and the complaint, on these

21   grounds, is **DISMISSED**.

22   ### 4.    Fourteenth Amendment

23   Here, Plaintiff fails to identify which Fourteenth Amendment rights he believes Defendants

24   violated,[3] and the Court will not speculate as to his causes of action.  Plaintiff has a burden to state

---

26   [2] Notably, Plaintiff does not allege that he had not committed any crime, that there were no wants or warrants outstanding that would justify his arrest, etc.

27   [3] Significantly, the Fourteenth Amendment encompasses a number of rights, including due process and equal protection.  The procedural due process component protects individuals against the deprivation of liberty or property by the government, while substantive due process protects individuals from the arbitrary deprivation of liberty by the government. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir.

1   claims with specificity.  *See Iqbal,* 129 S.Ct. at 1948-49; *Bell Atlantic Corp v. Twombly*, 550 U.S. 544,

2   554 (2007) (a plaintiff must set forth more than conclusions and include "the grounds of his

3   entitlement to relief").  Consequently, Plaintiff has not stated a cognizable claim for a Fourteenth

4   Amendment violation, and the claim is **DISMISSED**.

5           **B.      Violations of California Penal Code**

6           Plaintiff alleges Defendants violated California Penal Code § 118 (perjury), § 149 (assault by

7   officer under color of authority), §240 (battery), § 242 (assault), and § 12022.7 (bodily harm inflicted

8   during the commission of a felony).  (Doc. 1 at 2).  Notably, the Supreme Court has observed criminal

9   statutes rarely imply a private right of action.  *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979).  In

10  the instances where a private right of action was implicated, "there was at least a statutory basis for

11  interring that a civil cause of action of some sort lay in favor of someone." *Id.* (quoting *Cort v. Ash*,

12  422 U.S. 66, 79 (1975)).  The Court has reviewed the Penal Codes sections identified by Plaintiff, and

13  there is no language suggesting that civil enforcement of any kind is available.  *See Cort*, 422 U.S. at

14  79-80; *see also Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of

15  action for violation of criminal statutes); *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir.

16  1999) (district court properly dismissed claims brought under the California Penal Code because the

17  statutes do not create enforceable individual rights).  Accordingly, Plaintiff's claims for violations of

18  California Penal Code are **DISMISSED**.

19  **VI.      Conclusion and Order**

20          Plaintiff has stated a cognizable claim for a violation of the Fourth Amendment by Officer

21  Garrett based upon a claim he used excessive force.  However, Plaintiff failed to state a cognizable

22  claim for violations of the Fourteenth Amendment, and is unable to proceed on a claim for a violation

23  of the Fifth Amendment.  In addition, Plaintiff has not alleged facts sufficient to support municipal

24  liability by the City of Bakersfield.

25

26

---

27  2006).  The equal protection clause commands that all persons who are similarly situated be treated alike, *City of Cleburne*
    *v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439(1985), and a plaintiff may state a cognizable claim by alleging a

28  defendant "acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected
    class."  *Lee v. City of Los Angeles*, 250 F.3d at 668, 686 (9th Cir. 2001).

1   Because Plaintiff has provided few facts regarding his arrest on February 26, 2012, the Court

2   will allow Plaintiff an opportunity to cure the deficiencies identified in this order by providing

3   additional facts to support his claim.  *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In

4   the alternative, Plaintiff may notify the Court in writing that he does not wish to file an amended

5   complaint, and he is willing to proceed only on his claim for a violation of the Fourth Amendment by

6   defendants Chad Garrett.  At that time, the Court will dismiss the other claims and defendant, and

7   issue summons.

8        Plaintiff is advised that the Court cannot refer to a prior pleading in order to make an amended

9   complaint complete.  If Plaintiff files an amended complaint, the original pleading no longer serves

10  any function in the case.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 220 requires

11  that an amended complaint be complete in itself without reference to any prior pleading.  The

12  amended complaint must bear the docket number assigned this case and must be labeled "First

13  Amended Complaint."  Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original

14  complaint which are not alleged in an amended complaint are waived."  *King v. Atiyeh*, 814 F.2d 565,

15  567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

16        Based upon the foregoing, **IT IS HEREBY ORDERED**:

17        1.    Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**;

18        2.    Plaintiff's Complaint is **DISMISSED with leave to amend**;

19        3.    Within 21 days from the date of service of this order, Plaintiff must either:

20              a.    File an amended complaint curing the deficiencies identified by the Court in this

21                    order, or

22              b.    Notify the Court in writing of their willingness to proceed only on the

23                    cognizable claims against Officer Garrett for a violation of the Fourth

24                    Amendment.

25  ///

26  ///

27  ///

28

9

4.     If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **August 1, 2012**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

10