1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11  KAREEM MUHAMMAD,             )   Case No.: 1:12-cv-01199 - AWI - JLT
                                        )

12             Plaintiff,           )   ORDER DISMISSING PLAINTIFF'S FIRST
                                        )   AMENDED COMPLAINT WITH LEAVE TO

13        v.                     )   AMEND
                                        )

14  CHAD GARRETT,                  )
                                        )   (Doc. 5)

15             Defendant.        )
                                        )

16  _____ )

17        Kareem Muhammad ("Plaintiff") seeks to proceed *pro se* with an action for a violation of civil

18  rights against defendant Chad Garrett, an officer of the Bakersfield Police Department, in his

19  individual capacity ("Defendant"). Plaintiff initiated this action by filing his complaint (Doc. 1) and a

20  motion to proceed *in forma pauperis* (Doc. 3) on July 23, 2012. For the following reasons, Plaintiff's

21  complaint is **DISMISSED WITH LEAVE TO AMEND**.

22  **I.     Screening Requirement**

23        When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and

24  shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the

25  action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . .

26  seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A

27  claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible,

28  whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,*

504 U.S. 25, 32-33 (1992). The Court must screen the First Amended Complaint because an amended complaint supersedes previous pleadings.  *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

2

1     *Iqbal*, 129 S. Ct. at 1949 (citations omitted).  When factual allegations are well-pled, a court should

2     assume their truth and determine whether the facts would make the plaintiff entitled to relief;

3     conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

4            The Court has a duty to dismiss a case at any time it determines an action fails to state a claim,

5     "notwithstanding any filing fee that may have been paid."  28 U.S.C. § 1915e(2).  Accordingly, a court

6     "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a

7     claim."  *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal*

8     *Practice and Procedure*, § 1357 at 593 (1963).  However, leave to amend a complaint may be granted

9     to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d

10    1122, 1127-28 (9th Cir. 2000) (en banc).

11   **III.**    **Plaintiff's Allegations**

12            Plaintiff asserts that he was at the Tower Motel on February 26, 2012, when he "was

13    interrupted by a racial protest of deadly threats."  (Doc. 5 at 2).  Because Plaintiff had a "fear of being

14    drugged," he left the motel and went to the nearest hospital, San Joaquin Hospital.  *Id.*  Plaintiff

15    reports that he left San Joaquin Hospital to go to a 24-hour convenience store, and while was walking

16    he was passed by a police cruiser.  *Id.*  According to Plaintiff, Officer Garrett "suddenly shout[ed]" at

17    him, which caused Plaintiff to stumble and fall "[o]ut of shock and surprise."  *Id.*

18            Plaintiff contends he was "told to stay on the ground" by the officer, though he "posed no

19    threat," and did not attempt to resist arrest.  (Doc. 5 at 2-3).  Plaintiff alleges:

20        Defendant grabs plaintiff's right arm in a casual manner, before deciding to commit an
21        unlawful act.  Defendant decides to no longer engage in the performance of his duties,
          when he decides to forget the handcuffs and violently and intentionally break the
22        plaintiff's arm, for no reason at all.

23    *Id.* at 3.  Plaintiff asserts Defendant put his weight on Plaintiff's head and back, and his face was

24    "dragged on the concrete before several officers put him on a stretcher" to go to the hospital.  *Id.* Also,

25    Plaintiff reports there were no "wants or warrants outstanding that would justify [his] arrest."  *Id.*

26   **IV.**    **Discussion and Analysis**

27            Based upon the foregoing facts, Plaintiff contends Defendants violated his right to be free from

28    the use of excessive force under the Fourth Amendment.  (Doc. 5 at 4).  In addition, Plaintiff asserts

Defendants violated his Fourteenth Amendment right to equal protection under the law, because Defendant's actions were "racially motivated," and Plaintiff "is in membership with a protected class in poverty." *Id.* at 4-5.

Although Plaintiff alleges Defendant violated the Fourth and Fourteenth Amendments, the amendments to the Constitution do not create direct causes of action. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 929 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution"). However, 42 U.S.C. § 1983 ("Section 1983") "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

### A.    Fourth Amendment

Plaintiff appears to allege he was unlawfully arrested by Officer Garrett, and that he exerted excessive force in the course of his arrest in violation of the Fourth Amendment. (Doc. 1 at 1-2).

The Fourth Amendment prohibits arrests without probable cause or other justification, and provides: "The right of the people to be secure in their persons. . . against unreasonable searches and seizures, shall be not violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." *U.S. Constitution, amend. IV*. A claim for unlawful arrest is cognizable when the arrest is alleged to have been made without probable cause. *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has

1  been or is being committed by the person being arrested." *Ramirez v. City of Buena Park*, 560 F.3d

2  1012, 1023 (9th Cir. 2009) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)).

3  　　　In addition, allegations of excessive force during an arrest are analyzed under a Fourth

4  Amendment standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989) ("claim[s] that law enforcement

5  officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure'…

6  are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *Chew v.*

7  *Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth

8  Amendment's prohibition on unreasonable seizures").

9  　　　Here, Plaintiff asserts that he did not pose a threat to anyone, and that Officer Garrett broke his

10  arm "violently and intentionally . . . for no reason at all." (Doc. 5 at 3). In addition, Plaintiff asserts

11  there was not a warrant for his arrest, and he had "not committed any crime." *Id.* at 2. Therefore,

12  Plaintiff states cognizable claims for violations of his Fourth Amendment rights.

13  　　**B.　　Fourteenth Amendment**

14  　　　The Equal Protection Clause states that "no state shall . . . deny to any person within its

15  jurisdiction the equal protection of the laws." *U.S. Constitution, amend.* XIV §1. In essence, this

16  commands that all persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne*

17  *Living Center, Inc.*, 473 U.S. 432, 439 (1985). A plaintiff can state a cognizable equal protection

18  claim by alleging "the defendants acted with an intent or purpose to discriminate against the plaintiff

19  based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir.

20  2001).

21  　　　In this case, Plaintiff asserts he is a member of a protected class, and that Defendant's actions

22  were "racially motivated." (Doc. 5 at 4-5). However, even when viewed liberally, Plaintiff's factual

23  allegations fail to state an equal protection violation. A "long line of Supreme Court cases make clear

24  that the Equal Protection clause requires proof of discriminatory intent or motive." *Navarro v. Block*,

25  72 F.3d 712, 716 (9th Cir. 1995). "Intentional discrimination means that a defendant acted at least in

26  part because of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th

27  Cir. 1994) (emphasis in original). Plaintiff has not alleged facts supporting his assertion that

28  Defendant discriminated against him, or that Defendant did so *because of* his race. Accordingly,

1  Plaintiff has failed to state a cognizable claim for a violation of the Fourteenth Amendment, and this

2  claim is **DISMISSED**.

3  **V.      Conclusion and Order**

4         Plaintiff has stated a cognizable claim for violations of the Fourth Amendment by Officer

5  Garrett.  However, Plaintiff failed to state a cognizable claim for a violation of the Equal Protection

6  Clause Fourteenth Amendment.

7         Because, once again, Plaintiff has provided few facts regarding his arrest that occurred on

8  February 26, 2012, the Court will allow Plaintiff a **final opportunity** to cure the deficiencies

9  identified in this order by providing additional facts to support his claims.  *See Noll v. Carlson*, 809

10  F.2d 1446, 1448-49 (9th Cir. 1987).  In the alternative, Plaintiff may notify the Court in writing that he

11  does not wish to file an amended complaint, and he is willing to proceed only on his claims for

12  violations of the Fourth Amendment by Defendant.  At that time, the Court will dismiss the other

13  claim and issue summons.

14         Plaintiff is advised that the Court cannot refer to a prior pleading in order to make an amended

15  complaint complete.  If Plaintiff files a second amended complaint, the original pleading no longer

16  serves any function in the case.   *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 220

17  requires that an amended complaint be complete in itself without reference to any prior pleading.  The

18  document must bear the docket number assigned this case and must be labeled "Second Amended

19  Complaint."  Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint

20  which are not alleged in an amended complaint are waived."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th

21  Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

22         Based upon the foregoing, **IT IS HEREBY ORDERED**:

23         1.      Plaintiff's Complaint is **DISMISSED with leave to amend**;

24         2.      Within 21 days from the date of service of this order, Plaintiff must either:

25                 a.      File a Second Amended Complaint curing the deficiencies identified by the

26                         Court in this order, or

27                 b.      Notify the Court in writing of his willingness to proceed only on the cognizable

28                         claims against Officer Garrett for a violation of the Fourth Amendment; and

6

1        3.      If Plaintiff fails to comply with this order, the action will be dismissed for failure to

2                obey a court order.

3

4    IT IS SO ORDERED.

5    Dated:   **August 29, 2012**                    **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28