**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREEM MUHAMMAD,<br><br>  Plaintiff,<br><br>  v.<br><br>CHAD GARRETT, et al.,<br><br>  Defendants. | Case No.: 1:12-cv-01199 - AWI - JLT<br><br>ORDER FINDING COGNIZABLE CLAIMS, AND DIRECTING PLAINTIFF TO INFORM THE COURT THE CLAIMS UPON WHICH HE SEEKS TO PROCEED |

Kareem Muhammad ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with an action for a violation of civil rights against defendant Chad Garrett, an officer of the Bakersfield Police Department ("Defendant"). For the following reasons, Plaintiff is instructed to inform the Court the claims upon which he seeks to proceed in the action.

**I.  Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The Court must screen the Second Amended Complaint because an

amended complaint supersedes previous pleadings.  *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.     Procedural History

Plaintiff initiated this action by filing his complaint on July 23, 2012 (Doc. 1), and filed a First Amended Complaint on August 20, 2012.  (Doc. 5).  The Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. 1915(e)(2), and found Plaintiff stated cognizable claims for violations of the Fourth Amendment.  (Doc. 6 at 6).  However, because Plaintiff provided few facts regarding his arrest, the Court was unable to determine if Plaintiff could state a cognizable claim for a violation of the Equal Protection Clause of the Fourteenth Amendment.  *Id.*  Therefore, the Court granted Plaintiff an opportunity to either (1) cure the deficiencies identified by the Court by providing additional facts to support his claims or (2) notify the Court of his willingness to proceed upon the Fourth Amendment claims.  *Id.*

On September 7, 2012, Plaintiff filed a Second Amended Complaint in which he abandoned his claim of a violation of the Equal Protection Clause.  (Doc. 7).  Rather, Plaintiff seeks to proceed on his claims of a violation of the Fourth Amendment for excessive force and unlawful arrest, which the Court previously determined were cognizable.  *Id.* at 1.

## III.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

2

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.     Section 1983 Claims**

Plaintiff seeks to proceed in this action under 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

## V.     Plaintiff's Allegations

Plaintiff reports that on February 26, 2012, he left San Joaquin Hospital to go to a 24-hour convenience store around 5:40 a.m., and a police cruiser passed by as he walked. (Doc. 7 at 2). According to Plaintiff, Officer Garrett shouted at him, which caused Plaintiff to stumble and fall "[o]ut of shock and surprise." *Id.*

Plaintiff contends he stayed on the ground, "face down on the concrete." (Doc. 7 at 2). He asserts that he "posed absolutely no threat," and did not attempt to resist arrest. *Id.* Plaintiff alleges Defendant grabbed his right arm "in a casual manner, before deciding to violently and intentionally break the plaintiff's arm, for no reason." *Id.* Also, Plaintiff asserts Defendant put his weight on Plaintiff's head and back, and his face was "dragged on the concrete before several officers put him on a stretcher" to go to the hospital. *Id.* at 2-3. Therefore, Plaintiff asserts Defendant "is liable for a direct violation of civil rights under the Fourth Amendment of the U.S. Constitution regarding unnecessary use of excessive force." *Id.* at 3.

In addition, Plaintiff alleges that at the time of the incident he had committed no crime, and there were "wants or warrants outstanding that would justify [his] arrest." (Doc. 7 at 2).

## VI.     Discussion and Analysis

The Fourth Amendment prohibits arrests without probable cause or other justification, and provides: "The right of the people to be secure in their persons. . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." *U.S. Constitution, amend. IV*.

4

### A.     Excessive Force

Allegations of excessive force during an arrest are analyzed under a Fourth Amendment standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989) ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure'… are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures").

Here, Plaintiff asserts that he did not pose a threat to anyone, but Officer Garrett broke his arm "violently and intentionally . . . for no reason at all." (Doc. 7 at 2). In addition, Plaintiff contends Defendant put his weight on Plaintiff's head and back, and his face "was dragged on the concrete." *Id.* Therefore, Plaintiff states a cognizable claim for the use of excessive force by Defendant.

### B.     Unlawful Arrest

A claim for unlawful arrest is cognizable when the arrest is alleged to have been made without probable cause. *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th Cir. 2009) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)).

In this case, Plaintiff believes he had not committed a crime, and there was not a warrant for his arrest. (Doc. 7 at 2). As a result, Plaintiff contends the officers lacked probable cause for his arrest. Therefore, Plaintiff has stated a cognizable claim for unlawful arrest.

## VII.    Conclusion and Order

Plaintiff has stated cognizable claims for violations of the Fourth Amendment by Officer Garrett. Significantly, however, Plaintiff has charges pending against him for the events on February 26, 2012.[1] Plaintiff was charged with violations of California Penal Code §§ 148 (A)(A) and 241(C),

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of a state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987);

as well as California Health & Safety Code § 11550(A).  The Supreme Court has explained: "If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."  *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).  If a plaintiff is convicted of a crime while the matter is stayed, his claim for unlawful arrest may be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See id.*

Therefore, if Plaintiff desires to proceed on his claim for unlawful arrest, the Court will stay the matter until the criminal matter is resolved in Kern County Superior Court, Case No. BM800748A.  On the other hand, if Plaintiff wishes to proceed only on his claim for excessive force, the matter may proceed at this time.  After Plaintiff notifies the Court, in writing, the claim(s) he wishes to proceed upon, the Court will issue summons and authorize service of the Second Amended Complaint.

Based upon the foregoing, **IT IS HEREBY ORDERED**: Plaintiff **SHALL** notify the Court, in writing, no later than **October 10, 2012**, whether he desires to (1) proceed on his claims for excessive force and unlawful arrest, and have the matter stayed upon issuance of the summons; or (2) abandon his claim for unlawful arrest and proceed only on his claim for excessive force.

IT IS SO ORDERED.

Dated:   **September 25, 2012**           **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE

---

*Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236m 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).  Therefore, judicial notice is taken of the docket of Kern County Superior Court, Criminal Case No. BM800748A.