UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM MUHAMMAD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHAD GARRETT, et al.,<br><br>　　　　Defendants. | ) Case No.: 1:12-cv-01199 - AWI - JLT<br>)<br>) ORDER DIRECTING SERVICE OF PLAINTIFF'S<br>) SECOND AMENDED COMPLAINT<br>)<br>)<br>)<br>)<br>)<br>) |

　　　　Kareem Muhammad ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with an action for a violation of civil rights against defendant Chad Garrett, an officer of the Bakersfield Police Department ("Defendant").

**I.　　Procedural History**

　　　　Plaintiff initiated this action by filing his complaint on July 23, 2012 (Doc. 1), and filed a First Amended Complaint on August 20, 2012. (Doc. 5). The Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. 1915(e)(2), and found Plaintiff stated cognizable claims for violations of the Fourth Amendment. (Doc. 6 at 6). However, because Plaintiff provided few facts regarding his arrest, the Court was unable to determine if Plaintiff could state a cognizable claim for a violation of the Equal Protection Clause of the Fourteenth Amendment. *Id.* Therefore, the Court granted Plaintiff an opportunity to either (1) cure the deficiencies identified by the Court by providing additional facts

to support his claims or (2) notify the Court of his willingness to proceed upon the Fourth Amendment claims. *Id.*

On September 7, 2012, Plaintiff filed a Second Amended Complaint in which he abandoned his claim of a violation of the Equal Protection Clause. (Doc. 7). Rather, Plaintiff sought to proceed on his claims of a violation of the Fourth Amendment for excessive force and unlawful arrest, which the Court determined were cognizable. *Id.* at 1. On October 1, 2012, Plaintiff filed a notice informing the Court "that he desires to abandon his claim for unlawful arrest and proceed only on his claim for excessive force." (Doc. 11).

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2).  Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963).  However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.     Section 1983 Claims

Plaintiff seeks to proceed in this action under 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

///

### IV.     Plaintiff's Allegations

Plaintiff reports that on February 26, 2012, he left San Joaquin Hospital to go to a 24-hour convenience store around 5:40 a.m., and a police cruiser passed by as he walked. (Doc. 7 at 2). According to Plaintiff, Officer Garrett shouted at him, which caused Plaintiff to stumble and fall "[o]ut of shock and surprise." *Id.*

Plaintiff contends he stayed on the ground, "face down on the concrete." (Doc. 7 at 2). He asserts that he "posed absolutely no threat," and did not attempt to resist arrest. *Id.* Plaintiff alleges Defendant grabbed his right arm "in a casual manner, before deciding to violently and intentionally break the plaintiff's arm, for no reason." *Id.* Also, Plaintiff asserts Defendant put his weight on Plaintiff's head and back, and his face was "dragged on the concrete before several officers put him on a stretcher" to go to the hospital. *Id.* at 2-3. Therefore, Plaintiff asserts Defendant "is liable for a direct violation of civil rights under the Fourth Amendment of the U.S. Constitution regarding unnecessary use of excessive force." *Id.* at 3.

### V.     Discussion and Analysis

Allegations of excessive force "in the course of making an arrest, investigatory stop, or other 'seizure'" are analyzed under a Fourth Amendment[1] standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989) *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"). Accordingly, an officer may only use such force as is "objectively reasonable" under the circumstances. *Id.* at 397.

Here, Plaintiff asserts that he did not pose a threat to anyone, but Officer Garrett broke his arm "violently and intentionally . . . for no reason at all." (Doc. 7 at 2). In addition, Plaintiff contends Defendant put his weight on Plaintiff's head and back, and his face "was dragged on the concrete." *Id.* Therefore, Plaintiff states a cognizable claim for the use of excessive force by Defendant.

///

///

---

[1] The Fourth Amendment provides: "The right of the people to be secure in their persons. . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." *U.S. Constitution, amend. IV*.

**VI.     Conclusion and Order**

Plaintiff has stated a cognizable claim for a violation of the Fourth Amendment's prohibition on excessive force by Officer Garrett, and has abandoned his claim for unlawful arrest.

Accordingly, **IT IS HEREBY ORDERED**:

1. Service of Plaintiff's Second Amended Complaint (Doc. 7) is appropriate for, and shall be initiated upon Defendant Chad Garrett;

2. The Clerk of Court is DIRECTED to send Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the Second Amended Complaint filed September 7, 2012;

3. Within twenty-one (21) days from the date of this order, Plaintiff **SHALL** complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. One completed summons for Defendant Chad Garrett;

    b. One completed USM-285 form for Defendant Chad Garrett; and

    c. Two (2) copies of the Second Amended Complaint filed September 7, 2012;

4. The U.S. Marshal is DIRECTED to serve a copy of the Second Amended Complaint, summons, and this order upon the defendant as directed by Plaintiff in the USM form.

5. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **October 2, 2012**              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE