UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM MUHAMMAD,<br><br>                Plaintiff,<br><br>        v.<br><br>CHAD GARRETT, et al.,<br><br>                Defendants. | Case No.: 1:12-cv-01199 - AWI - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S CLAIM FOR AN UNLAWFUL ARREST |

Kareem Muhammad ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with an action for a violation of civil rights against defendant Chad Garrett, an officer of the Bakersfield Police Department ("Defendant"). For the following reasons, the Court recommends Plaintiff's claim for an unlawful arrest by Defendant be **DISMISSED**.

**I.      Procedural History**

Plaintiff initiated this action by filing his complaint on July 23, 2012 (Doc. 1), and filed a First Amended Complaint on August 20, 2012. (Doc. 5). The Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. 1915(e)(2), and found Plaintiff stated cognizable claims for violations of the Fourth Amendment. (Doc. 6 at 6). However, because Plaintiff provided few facts regarding his arrest, the Court granted Plaintiff an opportunity to either (1) cure the deficiencies identified by the Court by providing additional facts to support his claims or (2) notify the Court of his willingness to proceed upon the Fourth Amendment claims. *Id.*

On September 7, 2012, Plaintiff filed a Second Amended Complaint in which he alleged excessive force and unlawful arrest in violation of the Fourth Amendment. (Doc. 7 at 1). The Court issued an informational order on September 26, 2012, informing Plaintiff that because charges were pending against him, the matter would be stayed if he desired to pursue his claim for unlawful arrest. (Doc. 10 at 6). Accordingly, Plaintiff filed a notice on October 1, 2012, in which he informed the Court that "he desires to abandon his claim for unlawful arrest and proceed only on his claim for excessive force." (Doc. 11).

**II.     Discussion and Analysis**

As the Court noted previously, Plaintiff has charges pending against him for the events on February 26, 2012.[1] Plaintiff was charged with violations of California Penal Code §§ 148 (A)(1) and 241(C), as well as California Health & Safety Code § 11550(A). The Supreme Court has explained: "If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). If a plaintiff is convicted of a crime while the matter is stayed, his claim for unlawful arrest may be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See id.* With this information in mind, Plaintiff has chosen "to abandon his claim for unlawful arrest." (Doc. 11 at 1).

**III.    Findings and Recommendations**

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**: that Plaintiff's claim for unlawful arrest be **DISMISSED WITHOUT PREJUDICE**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of a state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). Therefore, judicial notice is taken of the docket of Kern County Superior Court, Criminal Case No. BM800748A.

1 Rules of Practice for the United States District Court, Eastern District of California. Within fourteen
2 days after being served with these findings and recommendations, Plaintiff may file and serve written
3 objections with the Court.  A document containing objections should be captioned "Objections to
4 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
5 within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*,
6 951 F.2d 1153 (9th Cir. 1991).

9 IT IS SO ORDERED.

   Dated:   **October 4, 2012**              **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE