# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM MUHAMMAD,<br><br>  Plaintiff,<br><br>  v.<br><br>CHAD GARRETT,<br><br>  Defendant. | Case No.: 1:12-cv-01199 - AWI - JLT<br><br>ORDER STRIKING PLAINTIFF'S MOTION TO AMEND (Doc. 48)<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT CHAD GARRETT WITH PREJUDICE |

Kareem Muhammad ("Plaintiff") has filed several motions to amend his complaint in this action since December 19, 2013, the most recent of which was filed on January 27, 2014. (Doc. 48.) Review of each of the motions revealed Plaintiff sought to omit Defendant Chad Garrett as a party and add Christopher Messick as a defendant. (*See* Doc. 48 at 1.)

On January 16, 2014, the Court informed Plaintiff that as a result of his requests to amend, "he may only have one pleading in this case, and must inform the Court upon which motion he desire[d] to proceed." (Doc. 45 at 1.) Further, Plaintiff was "directed to show cause why his claims against Officer Garrett should not be dismissed with prejudice." (*Id.*) In response, Plaintiff filed another motion to amend the complaint, and a declaration in which Plaintiff asserted Officer Garrett "had absolutely no involvement with the plaintiff whatsoever, at any time regarding any injuries made against plaintiff." (Doc. 49 at 1.) Because Plaintiff acknowledges Chad Garrett was not involved in the actions giving

rise to his complaint, the Court recommends the claims against Chad Garrett be **DISMISSED WITH PREJUDICE**.

In addition, Plaintiff omitted the City of Bakersfield and the Bakersfield Police Department as defendants in his proposed amended complaint (Doc. 50), although they were identified as defendants in the complaint in *Muhammad v. Garrett*, Case No. 1:12-cv-2025-AWI-JLT. Defendants objected to the motion to amend, in part, due to the fact that it was not clear whether Plaintiff intended to drop his claims against the City of Bakersfield and the Bakersfield Police Department. (*See* Doc. 53 at 2.) In response, Plaintiff reported he "did, by mistake fail to name City of Bakersfield and Bakersfield Police Department as named defendants," and that he would seek leave of the Court to amend the complaint to correct the omission. (Doc. 54 at 1.) Thus, the proposed amended complaint before the Court is not complete, and in the interest of judicial economy the Court declines to evaluate Plaintiff's motion to amend on the merits, only to have to evaluate yet another proposed amendment.

Moreover, Plaintiff is informed that the Bakersfield Police Department is not a proper defendant for claims brought under 42 U.S.C. § 1983. The Ninth Circuit has determined "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983." *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005). In *Morris v. State Bar*, this Court considered whether the City of Fresno Fire Department was amenable to suit and held:

> Municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983. *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995). Other types of governmental associations are only subject to suit under Section 1983 if the parties that created them intended to create a separate legal entity. *Hervey*, 65 F.3d at 792 (intergovernmental narcotics team is not subject to suit). *See also Sanders v. Aranas*, 2008 U.S. Dist. LEXIS 6402, 2008 WL 268972, 3 (E.D. Cal. 2008) (the Fresno Police Department is not a proper defendant because it is a sub-division of the City of Fresno).
>
> ...The City of Fresno is the proper party because it is the governmental entity considered a "person" under § 1983. The Fresno Fire Department is a "sub-unit" of the City of Fresno and is not a person under § 1983.

*Morris v. State Bar*, 2010 U.S. Dist. LEXIS 36945, at *6-7 (E.D. Cal. Mar. 10, 2010). Notably, several decisions in the Eastern District held sheriff and police departments are not "persons" under Section 1983. *See, e.g., Alston v. County of Sacramento*, 2012 U.S. Dist. LEXIS 95494, at *6-7 (E.D. Cal. July 10, 2012); *Pellum v. Fresno Police Dep't*, 2011 U.S. Dist. LEXIS 10698, at *6 (E.D. Cal. Feb. 2, 2011). If Plaintiff names Bakersfield Police Department as a defendant for claims arising under

Section 1983, the Court will recommend the claim be dismissed.

Finally, Plaintiff is reminded that if he wishes to amend the pleadings in this action, **he can only have one complaint in this action**. In other words, the amended complaint, **will be the only operative complaint** and all other complaints filed in either Case No. 1:12-cv-1199-AWI-JLT or Case No. 1:12-cv-2025-AWI-JLT will be superseded and will have no effect. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). **The Court will not, refer to any other pleadings except for the single amended complaint**.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to amend (Doc. 48) is **STRICKEN**;
2. Plaintiff **SHALL** file any motion to amend no later than **March 28, 2014**, with a proposed Third Amended Complaint identifying **all** defendants and all claims upon which he seeks to proceed[1]; and
3. Any opposition to the motion to amend by the defendants SHALL be filed no later than **April 15, 2014**.

In addition, **IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Chad Garrett be **DISMISSED WITH PREJUDICE**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///

---

[1] In light of the Court's recommendation here that Chad Garrett be dismissed, the amended complaint SHALL NOT name this person as a defendant.

1     Any response thereto shall be filed within 14 days after service of the Objections.
2 The parties are advised that failure to file objections within the specified time may waive the right to
3 appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

5 IT IS SO ORDERED.

6     Dated:   **March 4, 2014**                **/s/ Jennifer L. Thurston**
7                                                               UNITED STATES MAGISTRATE JUDGE