UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM MUHAMMAD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHAD GARRETT, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01199 - JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PROSECUTION<br><br>(Doc. 57) |

Officer Chad Garrett, the City of Bakersfield and Bakersfield Police Department (collectively, "Defendants") seek dismissal of the action for lack of prosecution.[1] (Doc. 57.) The Court finds the matter suitable for decision without oral arguments, and the matter is taken under submission pursuant to Local Rule 230(g). For the following reasons, the Court recommends Defendants' motion be **DENIED**.

I.　　**Procedural History**

Plaintiff initiated this action by filing his complaint on July 23, 2012 (Doc. 1), and filed a First Amended Complaint on August 20, 2012. (Doc. 5.) The Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. 1915(e)(2), and found Plaintiff stated cognizable claims for violations of the Fourth Amendment. (Doc. 6 at 6.) However, because Plaintiff provided few facts regarding his arrest, the Court granted Plaintiff an opportunity to either (1) cure the deficiencies identified by the

---

[1] After the motion was filed, the Court dismissed Plaintiff's claims against Officer Chad Garrett with prejudice on April 3, 2014. (Doc. 59.)

1

1  Court by providing additional facts to support his claims or (2) notify the Court of his willingness to
2  proceed upon the Fourth Amendment claims.  (*Id.*)
3        On September 7, 2012, Plaintiff filed a Second Amended Complaint in which he alleged
4  excessive force and unlawful arrest in violation of the Fourth Amendment.  (Doc. 7 at 1).  The Court
5  issued an informational order on September 26, 2012, informing Plaintiff that because charges were
6  pending against him, the matter would be stayed if he desired to pursue his claim for unlawful arrest.
7  (Doc. 10 at 6).  Accordingly, Plaintiff filed a notice on October 1, 2012, in which he informed the
8  Court that "he desires to abandon his claim for unlawful arrest and proceed only on his claim for
9  excessive force." (Doc. 11).  Because Plaintiff's factual allegations in this action were similar, if not
10 identical, to those in Case No. 1:12-cv-2025-AWI-JLT, the actions were consolidated.  (Doc. 36.)
11       Since December 6, 2013, Plaintiff has filed several motions to amend the operative pleading.
12 (*See* Docs. 28, 30, 32, 34, 37, 40, 42, and 48.)  On January 16, 2014, the Court ordered Plaintiff to
13 clarify which motion to amend he wished to proceed upon, and reminded Plaintiff that only one
14 pleading was permitted in the consolidated action.  (Doc. 45.)  Despite this order, Plaintiff filed
15 another motion to amend (Doc. 46) and lodged two amended complaints (Docs. 47, 50).  Accordingly,
16 the Court ordered all prior motions to amend and the lodged amended complaints to be stricken, and
17 informed the parties it would consider the motion to amend filed on January 27, 2014. (Doc. 51).
18       Defendants opposed the motion to amend, in part, due to the fact that it was not clear whether
19 Plaintiff intended to drop his claims against the City of Bakersfield and the Bakersfield Police
20 Department.  (Doc. 53 at 2.)  In response, Plaintiff reported he "did, by mistake fail to name City of
21 Bakersfield and Bakersfield Police Department as named defendants," and that he would seek leave of
22 the Court to amend the complaint to correct the omission.  (Doc. 54 at 1.) Thus, the proposed amended
23 complaint before the Court was not complete, and in the interest of judicial economy the Court
24 declined to evaluate Plaintiff's motion to amend.  (Doc. 55 at 2.)  The Court struck Plaintiff's motion
25 to amend and ordered: "Plaintiff **SHALL** file any motion to amend no later than March 28, 2014, with
26 a proposed Third Amended Complaint identifying all defendants and **all** claims upon which he seeks
27 to proceed."  (Doc. 55 at 3, footnote omitted, emphasis in original.)
28       Plaintiff did not file a motion to amend the complaint by the Court-ordered deadline, and

1  Defendants contend that, as a result, the matter should be dismissed for lack of prosecution.  (Doc. 57.)

2  **II.      Failure to Prosecute and Obey the Court's Orders**

3  Pursuant to Rule 41 of the Federal Rules of Civil Procedure, "If [a] plaintiff fails to prosecute
4  or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against
5  it.  Fed. R. Civ. P. 41(b).  In addition, the Local Rules, corresponding with Fed. R. Civ. P. 11, provide:
6  "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the
7  imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.
8  "District courts have inherent power to control their dockets," and in exercising that power, a court
9  may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los*
10 *Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  Thus, a court may dismiss an action based upon a party's
11 failure to prosecute an action or failure to obey a court order.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d
12 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of
13 complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
14 comply with a court order).

15 **III.     Discussion and Analysis**

16 To determine whether to dismiss an action for failure to prosecute or failure to obey a court
17 order, the Court must consider several factors, including: "(1) the public's interest in expeditious
18 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
19 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of
20 less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61;
21 *Thomspon*, 782 F.2d at 831.

22 Significantly, however, it does not appear from the record that Plaintiff has failed to prosecute
23 this action.  Although Defendants argue Plaintiff was required to file a motion to amend the complaint,
24 the Court did not phrase its order in mandatory terms.  Rather, the Court set a deadline by which
25 Plaintiff was to file any motion to amend, if he chose to do so.  If Plaintiff filed another motion to
26 amend, given the information provided by the Court, he was to identify each of the defendants and
27 claims upon which he wished to proceed in one document.  The failure to file a motion to amend by the
28 deadline set by the Court was not a failure to prosecute the action as Defendants argue.

On the other hand, Plaintiff filed a motion to amend and lodged a Third Amended Complaint on April 3, 2014—after the deadline set by the Court's order. (Doc. 60.) Plaintiff asserts he has removed the claims against Officer Chad Garrett and identifies Officer Christopher Messick and the City of Bakersfield as defendants. (*Id.*) As a general rule, the Court does not approve of his failure to comply with its deadline, and striking the motion to amend would be appropriate. However, in light of the fact that the case has not yet been scheduled, any prejudice to Defendants would be minimal.

## IV.     Findings and Recommendations

Because Plaintiff has not failed to prosecute this action, and seeks to proceed on his claims as evidenced by the filing of a motion to amend, **IT IS HEREBY RECOMMENDED:**

1. Defendants' motion to dismiss be **DENIED**; and
2. Defendants be DIRECTED to file any opposition to the motion to amend (Doc. 60) within fourteen days of the date of service of any order addressing these Findings and Recommendations.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response thereto shall be filed within 14 days after service of the Objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **April 14, 2014**                    **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE