UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM MUHAMMAD,<br><br>    Plaintiff,<br><br>  v.<br><br>CHAD GARRETT, et al.,<br><br>    Defendant. | Case No.: 1:12-cv-01199 - AWI - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO AMEND<br><br>(Docs. 60, 65) |

    Plaintiff Kareem Muhammad seeks leave to file a Third Amended Complaint. (Docs. 60, 65.[1]) The City of Bakersfield and Bakersfield Police Department (collectively, "Defendants") do not oppose the amendment. (Doc. 24.) Because matter is suitable for decision without oral argument, the motion is taken under submission pursuant to Local Rule 230(g). For the reasons set forth below, Plaintiff's motion for leave to amend is **GRANTED**.

**I.    Relevant Procedural History**

    Plaintiff initiated this action by filing his complaint on July 23, 2012 (Doc. 1), and filed a First Amended Complaint on August 20, 2012. (Doc. 5.) The Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. 1915(e)(2), and found Plaintiff stated cognizable claims for violations of the Fourth Amendment. (Doc. 6 at 6.) However, because Plaintiff provided few facts regarding his

---

[1] The motion to amend filed April 14, 2014 appears identical to the motion to amend filed on April 3, 2014. (*Compare* Doc. 60 *with* Doc. 65.) Plaintiff merely added a proof of service to the second motion.

1  arrest, the Court granted Plaintiff an opportunity to either (1) cure the deficiencies identified by the
2  Court by providing additional facts to support his claims or (2) notify the Court of his willingness to
3  proceed upon the Fourth Amendment claims. (*Id.*)

4  On September 7, 2012, Plaintiff filed a Second Amended Complaint in which he alleged
5  excessive force and unlawful arrest in violation of the Fourth Amendment. (Doc. 7 at 1). The Court
6  issued an informational order on September 26, 2012, informing Plaintiff that because charges were
7  pending against him, the matter would be stayed if he desired to pursue his claim for unlawful arrest.
8  (Doc. 10 at 6). Accordingly, Plaintiff filed a notice on October 1, 2012, in which he informed the
9  Court that "he desires to abandon his claim for unlawful arrest and proceed only on his claim for
10 excessive force." (Doc. 11). Because Plaintiff's factual allegations in this action were similar, if not
11 identical, to those in Case No. 1:12-cv-2025-AWI-JLT, the actions were consolidated. (Doc. 36.)

12 Since December 6, 2013, Plaintiff has filed several motions to amend the operative pleading.
13 (*See* Docs. 28, 30, 32, 34, 37, 40, 42, and 48.) On January 16, 2014, the Court ordered Plaintiff to
14 clarify which motion to amend he wished to proceed upon, and reminded Plaintiff that only one
15 pleading was permitted in the consolidated action. (Doc. 45.) Despite this order, Plaintiff filed
16 another motion to amend (Doc. 46) and lodged two amended complaints (Docs. 47, 50). Accordingly,
17 the Court ordered all prior motions to amend and the lodged amended complaints to be stricken, and
18 informed the parties it would consider the motion to amend filed on January 27, 2014. (Doc. 51).

19 Defendants opposed the motion to amend, in part, due to the fact that it was not clear whether
20 Plaintiff intended to drop his claims against the City of Bakersfield and the Bakersfield Police
21 Department. (Doc. 53 at 2.) In response, Plaintiff reported he "did, by mistake fail to name City of
22 Bakersfield and Bakersfield Police Department as named defendants," and that he would seek leave of
23 the Court to amend the complaint to correct the omission. (Doc. 54 at 1.) Thus, the proposed amended
24 complaint before the Court was not complete, and in the interest of judicial economy the Court
25 declined to evaluate Plaintiff's motion to amend. (Doc. 55 at 2.) The Court struck Plaintiff's motion
26 to amend and ordered Plaintiff to file any motion to amend by March 28, 2014. (*Id.* at 3.)

27 Plaintiff failed to seek leave to amend the complaint by the Court-ordered deadline, and the
28 defendants sought dismissal of the matter for failure to prosecute. (Doc. 57.) However, the Court

denied the motion to dismiss in light of the fact that Plaintiff filed a motion to amend and lodged a Third Amended Complaint. (Docs. 64, 68.) In the motion to amend, Plaintiff asserts that he has removed the claims against Officer Chad Garrett, and identifies Officer Christopher Messick and the City of Bakersfield as defendants. (Doc. 60.) Defendants filed a notice of non-opposition to the motion to amend on April 21, 2014. (Doc. 67.)

## II.     Legal Standards for Leave to Amend

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Defendants filed their answer to the complaint on November 14, 2013. (Doc. 12.) Therefore, Plaintiff requires either consent of the defendants or leave of the Court to file an amended complaint.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). After a defendant files an answer, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

## III.    Discussion and Analysis

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5)

prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

### A. Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a plaintiff has previously amended his complaint previously. *Allen*, 911 F.2d at 373. Here, Plaintiff filed several other pleadings which have been stricken or dismissed. However, this would be the first amendment in the action occurring after the defendants filed an answer. Therefore, this factor does not weigh against amendment.

### B. Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052. Further, the Court should examine whether "permitting an amendment would …produce an undue delay in the litigation." *Id.* at 1387. Here, the action has not yet been scheduled, and an amendment would not cause a delay in the proceedings. Accordingly, this factor does not weigh against granting Plaintiff's motions to amend.

### C. Bad faith

Plaintiff seeks permission to amend to correctly name the officer he believes was involved with his arrest, and to omit the Bakersfield Police Department as a defendant. Consequently, it does not appear that Plaintiff acted with bad faith, and this factor does not weigh against amendment.

### D. Futility of Amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient"). Futility may be

found where added claims are duplicative of existing claims or patently frivolous, or both. *See Bonin*, 59 F.3d at 846. Here, it does not appear that amendment would be futile, and this factor does not weigh against granting leave to amend.

### E. Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187. There is a presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown. *Eminence Capital*, 316 F.3d at 1052. As noted above, the defendants do not oppose motion to amend. Therefore, this factor does not weigh against amendment.

## IV.     Conclusion and Order

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiff to file a First Amended Complaint. *See Madeja*, 310 F.3d at 636. Therefore, the Court is acting within its discretion in granting the motion to amend, and declines to screen the Third Amended Complaint. *See Swanson*, 87 F.3d at 343.

According, **IT IS HEREBY ORDERED**:

1. Plaintiff's motions to amend (Doc. 60, 65) are **GRANTED**; and
2. The Third Amended Complaint lodged on April 14, 2014 (Doc. 66) **SHALL** be the operative pleading in this action.

IT IS SO ORDERED.

Dated:   **May 15, 2014**                          **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE

5