UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM MUHAMMAD,<br><br>    Plaintiff,<br><br>   v.<br><br>CHAD GARRETT, et al.,<br><br>    Defendant. | Case No.: 1:12-cv-01199 - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND<br><br>(Doc. 80) |

Plaintiff Kareem Muhammad seeks leave to file a Third Amended Complaint. (Doc. 80.) The City of Bakersfield and Christopher Messick (collectively, "Defendants") do not oppose the amendment. (Doc. 82.) Because matter is suitable for decision without oral argument, the motion was taken under submission pursuant to Local Rule 230(g). For the reasons set forth below, Plaintiff's motion for leave to amend is **GRANTED**.

**I.     Relevant Procedural History**

Plaintiff initiated this action by filing his complaint on July 23, 2012 (Doc. 1), and filed a First Amended Complaint on August 20, 2012. (Doc. 5.) The Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. 1915(e)(2), and found Plaintiff stated cognizable claims for violations of the Fourth Amendment. (Doc. 6 at 6.) Because Plaintiff provided few facts regarding his arrest, the Court granted Plaintiff an opportunity to either (1) cure the deficiencies identified by the Court by providing additional facts to support his claims or (2) notify the Court of his willingness to proceed

upon the Fourth Amendment claims.  (*Id.*)

On September 7, 2012, Plaintiff filed a Second Amended Complaint in which he alleged excessive force and unlawful arrest in violation of the Fourth Amendment. (Doc. 7 at 1).  The Court issued an informational order on September 26, 2012, informing Plaintiff that because charges were pending against him, the matter would be stayed if he desired to pursue his claim for unlawful arrest. (Doc. 10 at 6).  Accordingly, Plaintiff filed a notice on October 1, 2012, in which he informed the Court that "he desires to abandon his claim for unlawful arrest and proceed only on his claim for excessive force."  (Doc. 11).  Because Plaintiff's factual allegations in this action were similar, if not identical, to those in Case No. 1:12-cv-2025-AWI-JLT, the actions were consolidated.  (Doc. 36.)

On January 24, 2014, Plaintiff initiated an action in Kern County Superior Court, Case No. S-1500-CV-281149-LHB.  Plaintiff filed a First Amended Complaint against the City of Bakersfield, Bakersfield Police Department, and Officer Christopher Messick on February 3, 2014.  The defendants filed a Notice of Removal on May 8, 2014, thereby initiating Case No. 1:14-cv-00683-LJO-JLT before this Court.  In addition, the defendants filed a Notice of Related Case, asserting Plaintiff's claims in "*Muhammad v. City of Bakersfield, et al.*, Case No. 1:14-CV-00683-LJO-JLT arise from the same incident occurring on February 26, 2012, wherein plaintiff alleges that Officer Christopher Messick violated his Fourth Amendment rights causing him injury." (Doc. 69 at 1.)  The Court issued an order consolidating the actions on May 30, 2014.  (Doc. 75.)

Following a conference with the parties, the Court issued is Scheduling Order on May 30, 2014, directing Plaintiff to file "[a]ny requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than June 30, 2014." (Doc. 76 at 2, emphasis omitted.)  In compliance with the Court's Order, Plaintiff filed the motion to amend now pending before the Court on June 28, 2014.  (Doc. 80.)  Defendants City of Bakersfield and Christopher Messick filed a response to the motion on July 28, 2014, reporting they do not oppose the motion to amend.  (Doc. 82.)

**II.     Legal Standards for Leave to Amend**

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f).  "In all other cases, a party may amend its pleading only with the

opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Defendants filed their Answer to the Third Amended Complaint on June 2, 2014. (Doc. 77.) Therefore, Plaintiff requires either consent of the defendants or leave of the Court to file an amended complaint.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). After a defendant files an answer, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

### III. Discussion and Analysis

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

#### A. Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a plaintiff has previously amended his complaint previously. *Allen*, 911 F.2d at 373. Here, Plaintiff filed several other pleadings which have been stricken or dismissed. Though this factor weighs against amendment,

the proposed amendment finally appears to incorporate all claims against the defendants and fully integrates the two cases.

### B.     Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052. Further, the Court should examine whether "permitting an amendment would …produce an undue delay in the litigation." *Id.* at 1387. Here, Plaintiff requested amendment prior to the deadline imposed by the Court. Thus, this factor does not weigh against granting Plaintiff's motions to amend.

### C.     Bad faith

Plaintiff seeks permission to amend to omit the Bakersfield Police Department as a defendant and incorporate his Bane Act claim, which was raised in the First Amended Complaint in Case No. 1:14-CV-00683-LJO-JLT. Moreover, it appears Plaintiff's prior attempts at amendment were due to a lack of experience in these matters rather than purposeful delay or harassment. Consequently, it does not appear that Plaintiff acted with bad faith, and this factor does not weigh against amendment.

### D.     Futility of Amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient"). Futility may be found where added claims are duplicative of existing claims or patently frivolous, or both. *See Bonin*, 59 F.3d at 846. Here, it does not appear that amendment would be futile, and this factor does not weigh against granting leave to amend.

### E.     Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187. There is a presumption

under Rule 15(a) in favor of granting leave to amend where prejudice is not shown. *Eminence Capital*, 316 F.3d at 1052. As noted above, the defendants do not oppose motion to amend. Therefore, this factor does not weigh against amendment.

**IV.     Conclusion and Order**

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiff to file the Fourth Amended Complaint. *See Madeja*, 310 F.3d at 636. Therefore, the Court is acting within its discretion in granting the motion to amend. *See Swanson*, 87 F.3d at 343.

According, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to amend (Doc. 80) is **GRANTED**; and
2. The Fourth Amended Complaint lodged on June 23, 2014 (Doc. 81) **SHALL** be the operative pleading in this action;
3. Defendants SHALL file their consolidated responsive pleading within 21 days.

IT IS SO ORDERED.

Dated:   **August 20, 2014**              /s/ Jennifer L. Thurston
                                                                   UNITED STATES MAGISTRATE JUDGE

5