UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM MUHAMMAD,<br><br>    Plaintiff,<br><br>    v.<br><br>CHAD GARRETT, et al.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:12-cv-01199 - JLT<br><br>ORDER STRIKING PLAINTIFF'S MOTION IN LIMINE AS PREMATURE<br>(Doc. 88)<br><br>ORDER CONTINUING MID-DISCOVERY STATUS CONFERENCE<br>(Doc. 89) |

Before the Court is Plaintiff's motion in limine to "Exclude Prejudicial Evidence."[1] (Doc. 88) This is the second "motion in limine" filed by Plaintiff on this same topic. (Docs. 86, 88) Once again, Plaintiff is advised that motions in limine should not be filed until the Court sets a briefing schedule for such motions which will not occur until the pretrial conference.

---

[1] As in the earlier motion, in this motion Plaintiff contends that a blood sample was taken from him without his valid consent and without a warrant after he was arrested by officers of the Bakersfield Police Department. (Doc. 80 at 1) On this basis, Plaintiff contends that this evidence should be excluded at trial. Id. However, Plaintiff is reminded that this is not a criminal action and the exclusionary rule does not apply to this action brought under 42 U.S.C. § 1983. Ingram v. City of Los Angeles, 418 F.Supp.2d 1182, 1190 (C.D.Cal.2006). See also Willis v. Mullins, 517 F.Supp.2d 1206, 1223–24 (E.D.Cal.2007). "[C]onstitutional tort liability under § 1983 is limited to the kind of injury that the constitutional right at issue was designed to prevent. Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy-including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.; **but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution**." Townes v. City of New York, 176 F.3d 138, 148 (2nd Cir.1999), emphasis added, citations omitted.
      **Therefore, should Plaintiff choose to file a new motion in limine on this topic in the future, he SHALL conduct full research on the topic and file only non-frivolous motions.**

1

Thus, Plaintiff's motion in limine is **STRICKEN** as prematurely filed.  **Plaintiff is admonished to refrain from filing further frivolous motions.**

Also before the Court is Plaintiff request to continue the mid-discovery status conference. (Doc. 89)  Plaintiff reports that he was due to report to jail on September 3, 2014 and anticipates being released from jail 60 days later.  He asserts that he will need "a week or two" after being released in order to participate in the mid-discovery status conference.  Id.

Thus, good cause appearing, the Court **ORDERS**:

1. Plaintiff's motion in limine (Doc. 88) is **STRICKEN**;

2. Plaintiff's motion to continue the mid-discovery status conference (Doc. 89) is **GRANTED**.  The mid-discovery status conference is **CONTINUED** to **November 24, 2014** at 8:30.

IT IS SO ORDERED.

Dated:   **September 8, 2014**              /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE