UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM MUHAMMAD, <br><br> Plaintiff, <br><br> v. <br><br> CHAD GARRETT, et al., <br><br> Defendant. | Case No.: 1:12-cv-01199 - JLT <br><br> ORDER DENYING PLAINTIFF'S MOTION TO APPOINT AN EXPERT <br><br> (Doc. 97) |

In this action, Plaintiff claims he suffered excessive force during an arrest on February 26, 2012. In the current motion, Plaintiff seeks the appointment of various experts. (Doc. 97) Because Plaintiff has failed to demonstrate that appointment of experts is necessary to promote accurate fact finding and because it does not appear that the appointment of experts would assist the Court in resolving the pending motion for summary judgment, the motion is **DENIED**.

I.   **Allegations of the Fourth Amended Complaint**

In the operative complaint, Plaintiff alleges that on February 26, 2012, he was on his way to a store when he was passed by a police car. (Doc. 81 at 2). Plaintiff began to jog through the parking lot of the store when he heard a shout. Id. When he turned, he tripped on the grass and fell. Id. While on the ground, he saw police officers approach him and one of the officers ordered him to remain on the ground. Id. Despite that Plaintiff complied with the command, Defendant Messick grabbed Plaintiff's arm and broke it. Id. When Plaintiff began to call for help, Messick placed his

1

weight on Plaintiff's head and back. Id. Plaintiff claims he suffered other injuries when the officers dragged him onto a stretcher. Id. at 2-3. Based upon these allegations, Plaintiff claims violations of the Fourth Amendment and the Bane Act and for battery.[1] Id. at 1.

## II.   Appointment of an Expert

The Court is authorized to appoint an expert witness and allocate the fee between the parties pursuant to Rule 706 of the Federal Rules of Evidence. Appointment of an expert may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue. . . ." Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997); see also Fed. R. Evid. 702. Accordingly, the purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party. See Gamez v. Gonzalez, 2010 WL 2228427, *1 (E.D. Cal. June 3, 2010) ("Rule 706 does not contemplate the appointment of, and compensation for, an expert to aid one of the parties") (citation omitted).

Importantly, these principals are not altered when the Court authorizes a party to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993). As the Fifth Circuit explained, "The plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995). An indigent prisoner must bear the costs of litigation, including fees for his witnesses. Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (explaining the use of public funds on behalf of an indigent witness is proper only when authorized by Congress, and 28 U.S.C. § 1915 "does not waive payment of fees or expenses for . . . witnesses"). Nevertheless, when one party is indigent, the Court has discretion to apportion the entirety of an expert fee to the other party. McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated and remanded on other grounds by* Helling v. McKinney, 502 U.S. 903 (1991).

## III.   Discussion and Analysis

As explained above, the Court is not authorized to appoint an expert witness to act for Plaintiff. Rather, an expert may be appointed to assist the trier of fact and the costs apportioned only where it

---

[1] Notably, on February 15, 2013, the Court granted Plaintiff's request to dismiss his claim that the arrest was unlawful. (Doc. 13 at 2; Doc. 22) Thus, this claim is no longer at issue.

1  "will promote accurate factfinding." Gorton v. Todd, 793 F. Supp. 2d 1171, 1179 (E.D. Cal. 2011)
2  (citation omitted).  To determine whether an expert should be appointed, the Court should consider "a
3  party's ability to obtain [an] independent opinion" and "whether a party's capacity to acquire expert
4  testimony is limited due to factors outside of his control, including whether he is indigent or
5  incarcerated." Id. at 1184.
6        Here, Plaintiff seeks the appointment of various experts to offer opinions regarding police
7  procedures, his medical condition, including his diagnosis and prognosis, any mental injury, his
8  economic losses and the cost of future pharmaceutical care.  (Doc. 97 at 1-2)  Plaintiff claims that these
9  experts will "assist trier of fact" although he fails to explain precisely how. Id. at 2.  Though he
10 suggests that his treating physician, Dr. Andrea Snow, could be appointed as a medical expert, he fails
11 to identify any other expert whom he believes the Court should appoint.
12       In any event, Plaintiff fails to demonstrate that trier of fact needs evidence from a Court-
13 appointed expert.  For example, he does not identify what evidence these experts would offer that is
14 within the realm of expert opinions.  He does not assert that Defendants will not offer evidence from
15 experts or, if they will, why these opinions would not be sufficient to clarify the issues before the trier
16 of fact.  Likewise, Plaintiff makes no showing that he is unable to secure the services of the desired
17 experts.  He does not claim, for example, that Dr. Snow has refused to participate in the action as an
18 expert or that he has even discussed the matter with her.  The mere fact that Plaintiff is indigent is
19 insufficient to justify the appointment of experts.  Instead, Plaintiff must demonstrate why he is unable
20 to obtain these services without the involvement of the Court.
21       Notably, Defendants filed a motion for summary judgment in this case on November 3, 2014 in
22 which they assert that the action is barred according to Heck v. Humphrey, 512 U.S. 477 (1994)
23 because, they assert, Plaintiff was convicted after a jury trial for violation of California Penal Code §
24 148 which prohibits resisting an officers in the performance of his duties and California Penal Code §
25 241(c) which prohibits assault on a peace officer. (Doc. 95-1 at 5)  The motion is not supported by
26 expert testimony and it does not appear that expert testimony would be helpful to the Court in resolving
27 the motion.  Indeed, Plaintiff does not claim that his request stems from his desire to oppose the
28 motion; seemingly, his motion merely anticipates the need for experts at trial.  Thus, in addition to the

concerns already stated, there appears to be no current need for appointment of experts. Therefore, the motion is **DENIED.**

### IV.     Conclusion and Order

As explained above, the Court is not authorized to appoint an expert to advocate on Plaintiff's behalf. Because the circumstances of this case demonstrate the appointment of a neutral expert is not appropriate, the Court is not obligated to locate and appoint a neutral expert. See Strain v. Sandham, 2007 U.S. Dist. LEXIS 84688 (E.D. Cal. Oct. 31, 2007).

Based upon the foregoing, the Court **ORDERS**: Plaintiff's motion for the appointment of an expert (Doc. 97) is **DENIED without prejudice**.

IT IS SO ORDERED.

Dated:     **November 24, 2014**                    /s/ Jennifer L. Thurston
                                                                        UNITED STATES MAGISTRATE JUDGE